**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: : | CHAPTER 11 |
| : | |
| JDi DATA CORPORATION, : | |
| : | CASE NO. 23-11322-SMG |
| DEBTOR. : | |

_____

## UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR CONTINUED USE OF BANK ACCOUNTS FOR A LIMITED TIME

The United States Trustee, by her undersigned counsel, submits this statement (the "Statement") in response to the Debtor's Motion for Continued Use of Bank Accounts for a Limited Time (the "Bank Account Motion"). The United States Trustee believes that the Court should have a complete record of the events which have taken place both prior and after the Debtor's bankruptcy case in connection with the Debtor's handling of its bank accounts.

### BACKGROUND

1. On February 11, 2023, JDi Data Corporation, the debtor herein (the "Debtor") filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (ECF No. 1). The Debtor filed a skeletal petition.

2. On February 18, 2023, the Debtor filed its application to employ John A. Moffa and Moffa Law Partners, PA d/b/a Moffa & Bierman ("Moffa") as its bankruptcy attorneys in this case (ECF No. 7).

3. For the reasons stated on the record of the hearing held on April 5, 2023, by Order dated April 7, 2023, the Court denied the Debtor's retention of Moffa. (ECF No. 89).

4. On February 18, 2023, the Debtor filed its application to employ John Heller of Marcum LLP as CRO and Accountant (the "CRO") (ECF No. 6).

5. For the reasons stated on the record of the hearing held on April 5, 2023, by Order dated April 7, 2023, the Debtor's employment of the CRO was denied. (ECF No. 88).

6. Also, at the on the record of the hearing held on April 5, 2023, the Court directed the United States Trustee to appoint a Chapter 11 Trustee.

7. The United States Trustee is in the process of selecting and appointing a suitable Chapter 11 Trustee.

8. On March 2, 2023, the Debtor filed its Motion for Order to Return Certain Funds to Clients (the "Motion to Return Funds").

9. On March 13, 2023, creditor PulteGroup, Inc. filed its objection to the Motion to Return Funds.

10. The Motion to Return Funds was denied by Order entered on March 22, 2023, because, as stated on the record at the hearing, the Debtor was unable to demonstrate to which creditors the funds belonged. In large part, it appears that the Debtor lacked adequate records to demonstrate which creditors had claims to specific funds.

11. The Debtor filed its schedules and Statement of Financial Affairs on March 6, 2023 (ECF No. 43).

12. According to the Debtor, its business consists of "Three divisions of software management, Claims Management, Certificate of Insurance and Vendor Cost Control." (ECF No. 28, ¶3).

13. The Debtor alleges that it filed its Chapter 11 case because its former shareholder and President used money being held for the benefit of clients to fund operating losses (ECF No. 28, ¶4).

14. The Debtor's clients received statements that the funds were being held in trust, however, the accounts were swept into a master account which was invaded by the former President. (ECF No. 28, ¶4).

15. The Debtor replaced its directors and Chief Executive Officers on or about February 7, 2023 (ECF NO. 28, ¶6).

**The Adversary Proceeding**

16. On February 18, 2023, the Debtor commenced an adversary proceeding against James DeRosa ("DeRosa") and Joseph Wolczanksi ("Wolczanski"), which was assigned Adversary Proceeding No. 23-01032-SMG.

17. The Debtor seeks damages against DeRosa for conversion, breach of fiduciary duty and fraud, and damages against Wolczanski for aiding and abetting breach of fiduciary duty and breach of fiduciary duty (Adv. Pro. 23-1032, ECF No. 1).

18. According to the Complaint, DeRosa was the Debtor's only director and President of the Debtor and Wolczanski was the Chief Executive Officer and Chief Financial Officer of the Debtor (Adv. Pro. 23-1032, ECF No. 1, ¶¶4-6).

19. The Debtor alleges that in connection with its Vendor Cost Control Division ("VCC"), it was obligated to maintain individual trust accounts, segregated by claim for PulteGroup, Inc. ("Pulte") and to disburse the funds for litigation expenses as approved by Pulte and its third-party administrator (Adv. Pro. 23-1032, ECF No. 1, ¶11).

20. The Debtor alleges that DeRosa disclosed to Pulte that DeRosa and the Debtor had been using the funds received from Pulte and others to cover the Debtor's operating expenses.

21. The Debtor further alleges that in 2019, DeRosa set up a sweep account which would accumulate the funds held in over 360 trust, or f/b/o accounts, into one account, and that the Debtor began to use the accumulated funds of the VCC clients to fund the immediate client funding request for all clients and for the Debtor's operating expenses (Adv. Pro. 23-1032, ECF No. 1, ¶11).

**The Debtor's Bank Accounts**

22. On February 21, 2023, the Court entered its administrative Order (the "Administrative Order") which contains the following decretal paragraph:

> Unless otherwise ordered by the Court, the Debtor, as Debtor-in-Possession, must close the existing bank accounts of the Debtor and open new accounts in the name of the Debtor-in-Possession. All deposits or investments of money of the estate must be made in accordance with 11 U.S.C. §345. (ECF No. 18).

23. A month later, the Debtor filed the Bank Account Motion to obtain Bankruptcy Court authorization to continue to maintain its funds at City National Bank ("CNB") until its debtor-in-possession accounts at AXOS Bank could be finalized. (ECF No. 66).

24. The Debtor alleges that after receiving a letter from CNB terminating its relationship with the Debtor, the Debtor reached an agreement with AXOS Bank regarding the maintenance of the Debtor's debtor in possession accounts.

25. The Debtor thereafter entered into a debtor in possession banking relationship with CNB, rather than AXOS Bank.

26. According to the Debtor's schedules, when the Debtor commenced this case, it maintained three separate bank accounts at CNB (ECF No. 43, Schedule B).

27. The Debtor's counsel has indicated that since the filing of the Bank Account Motion, the Debtor transferred its funds to Western Alliance Bank.

28. The road travelled by the Debtor to get its funds into the Western Alliance Bank accounts was not typical.

29. Prior to the transfer of the Debtor's funds to Western Alliance Bank, the Debtor's accounts were transferred to the Debtor's counsel's accounts, without Court authorization or approval (the "Commingled Funds").

30. It appears that the Commingled Funds were first transferred to Moffa's attorney trust account at Optimum bank.

31. The funds were subsequently transferred to one or more attorney accounts at Bank of America.

32. It should be noted that, on information and belief, none of the accounts controlled by Moffa could be considered debtor in possession accounts and lacked the protections and record keeping standards commensurate with such accounts which would normally be afforded to a bankruptcy estate at an approved depository.

33. The Debtor failed to alert the Court, creditors, and parties in interest that its counsel was removing property of the estate in an amount estimated to be $950,000 to accounts over which the Debtor has no control.

34. Furthermore, the United States Trustee is unsure if the transfer of funds placed them into an account that was appropriately collateralized and protected.

35. Upon information and belief, on March 29, 2003, Moffa transferred the Commingled Funds back to the Debtor's bank accounts located at Western Alliance Bank.

**CONTINUED ON NEXT PAGE**

36. Upon appointment and approval of the Chapter 11 trustee, the United States Trustee requests that Moffa provide the Chapter 11 trustee with all documentation establishing the transfer of funds into his account and out of his account and into the bank account at Western Alliance Bank.

WHEREFORE, the United States Trustee respectfully requests the Court deny the Bank Account Motion and grant such other and further relief as may seem just and proper.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By:_____/s/_____
Martin P. Ochs*
Georgia Bar No. 091608
New York Bar No. MO-1203
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509
martin.p.ochs@usdoj.gov

* I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the STATEMENT OF THE UNITED STATES TRUSTEE IN RESPONSE TO DEBTOR'S MOTION FOR CONTINUED USE OF BANK ACCOUNTS FOR A LIMITED TIME was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system to the following:

| | |
|---|---|
| Scott Andron: | sandron@broward.org |
| Justin Luna: | jluna@lathamluna.com |
| Katherine Gallo: | klgallo@discoveryreferee.com |
| Jeffrey Snyder: | jsnyder@bilzin.com, eservice@bilzin.com |
| Steven Solomon: | steven.solomon@gray-robinson.com |
| John Moffa: | john@moffa.law |
| Nicole Grimal Helmstetter: | nicole.helmstetter@bipc.com |

DONE this the 10th day of April, 2023.

                    By: _____/s/_____
                          Martin P. Ochs
                          Georgia Bar No. 091608
                          United States Department of Justice
                          Office of the United States Trustee
                          362 Richard Russell Building
                          75 Ted Turner Drive SW
                          Atlanta, Georgia 30303
                          (404) 331-4509
                          martin.p.ochs@usdoj.gov