**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                                                       Case No.: 23-11322-SMG
JDI DATA CORPORATION.
                                                                                    Chapter 11
        Debtor
_____/

**DIP'S NOTICE OF WITHDRAWAL OF**
**MOTION FOR CONTINUED USE OF CURRENT**
**BANK ACCOUNTS FOR A LIMITED PERIOD OF TIME**

The Debtor-in-Possession, JDi Data Corporation ("DIP" or "Debtor"), by and through its undersigned counsel, withdraws its request for this Court to enter an Order Authorizing the Debtor-in-Possession to continue to use its current bank accounts at City National Bank (CNB) of Florida for a limited period of time, and states as follows:

**BACKGROUND**

1. On February 17, 2023, the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

2. The Debtor is operating its business as a debtor-in-possession pursuant to Bankruptcy Code § 1107. No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

3. After being advised that CNB was converting the DIP's bank accounts to DIP accounts, on March 8, 2023, undersigned counsel spoke to an Officer of CNB regarding the banking relationship and the conversion of the current bank accounts to Debtor-in-Possession bank accounts.

1

4. The Officer indicated that CNB was closing all zero balance accounts (approximately 380) which would be completed by March 9, 2023. The Officer indicated that by Friday, March 10, 2023, the remaining bank accounts would be transferred to DIP accounts.

5. On approximately, March 16, 2023, undersigned counsel called the Officer, but needed to leave a message. The message was a request for documentation that proved the DIP accounts were in place. No response to the request was received.

6. On March 21, 2023, undersigned counsel spoke to the CNB Officer and was advised that because CNB decided to terminate the banking relationship effective April 14, 2023, that it did not designate the bank accounts in question to DIP accounts[1].

7. After receiving a letter terminating the CNB relationship, DIP's management was able to begin the process of opening DIP accounts at another bank. Eventually, AXOS Bank agreed to have a banking relationship with the DIP. AXOS indicated that because of the recent bank failures that its bonding company was taking a longer period of time to bond the DIP account. An email from the AXOS Bank Officer was received by the DIP's management which indicated the accounts could be available by approximately March 24, 2023, but that date is subject to change.

8. To date, the DIP has not heard from AXOS bank regarding the DIP accounts.

---

[1] The designation as a DIP account has legal significance in that the United States Trustee takes great pains to ensure that all DIP accounts are not only insured by the FDIC, but to ensure that deposits in excess of the insurance limits are guaranteed by a pledge of assets at the Federal Reserve or that such excess deposits are secured by a bond in favor of the United States Trustee. This protection has been in place for decades, but is not widely known in the bankruptcy community.

9. As an alternative to AXOS Bank, the CRO initiated a conversation with a prior contact. That contact was able to have Western Alliance Bank (WAB) agree to open DIP accounts for the Debtor. The CRO then contacted the U.S. Trustee's Office regarding its list of approved depositories and discovered WAB was an approved depository in Region 21.

10. In the meantime, the Debtor transferred approximately $193,000 into the IOTA account at Optimum Bank of the undersigned's law firm on March 24, 2023 to ensure the money was insured by the FDIC pending the opening of any DIP account. In addition, the Debtor transferred approximately $950,000 of what the Debtor considers other people's money into the IOTA account at Bank of America of the undersigned's law firm[2].

11. On Monday, March 27, 2023, a wire of the $950,000 transfer was initiated by the undersigned to the DIP's account at WAB. The wire was intercepted by the fraud department at the bank, but said transfer was confirmed and completed on March 28, 2023.

12. Also on Monday March 27, 2023, a wire for the approximate $193,000 amount was initiated. On Tuesday, the undersigned learned the wire was not completed and a second attempt was initiated. The second attemt at the wire was returned due to a computer or typographic error. Today, the third attemp to wire this money was successful.

---

[2] A conversation with the Florida Bar Ethics Hotline revealed that the Bar does not have additional insurance or other protection for IOTA accounts, but the Bar indicated that unless a trust account for a particular client exceeded the insured FDIC Limit, that insurance covered each client's funds. However, if the client funds exceeded the FDIC insurance limit, an attorney should investigate a smaller bank's solvency or place the money in a larger bank, like Bank of America, Chase or Wells Fargo. The Debtor chose Bank of America which is believed to be "too large to fail."

13.    The Debtor still needs on-line access at WAB to ensure all funds were received and needs additional information to transfer all other funds to the DIP accounts at WAB, but during this final transition, all money is now protected in DIP accounts or insured in the remaining CNB accounts, which funds are being transferred by management upon full implementation of WAB's online banking access and the setup of additional WAB DIP accounts.

**WHEREFORE** the Debtor withdraws its request that this Honorable Court enter an Order [1] allowing the DIP to continue its use of the CNB accounts up to April 13, 2023 in order to ensure new DIP accounts are properly opened at a new banking partner and for such further and additional relief as the Court deems appropriate under the circumstances.

Moffa & Bierman
Attorneys for the Debtor-in-Possession
2929 E. Commercial Blvd.,   #205
Fort Lauderdale, FL     33308
Telephone    954-634-4733
FAX              954-337-0637
Email  John@moffa.law

By: /s/ John A. Moffa
        John A. Moffa
        FBN 932760